**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL CURTIS REYNOLDS.,** | : | **CIVIL ACTION NO. 3:23-1821** |
| **Petitioner** | : | |
| | : | **(JUDGE MANNION)** |
| **v.** | : | |
| **WARDEN RICKARD** | : | |
| **Respondent** | : | |

**MEMORANDUM**

Petitioner, Michael Curtis Reynolds, an inmate confined in the Schuylkill Federal Correctional Institution, Minersville, Pennsylvania, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241.

Reynolds contends, inter alia, that based on several United States Supreme Court decisions, the Bureau of Prisons (BOP) improperly deemed him ineligible for First Step Act (FSA) earn time credits and related early release programs based on his conviction for a "crime of violence", that the BOP improperly designated his custody and security classification based on same, and that Counts 1-4 of his conviction are invalid based on United States v. Taylor, 596 U.S. 845 (2022) and United States v. Tsarnaev, 595 U.S. 302 (2022). (Doc. 1).

A response (Doc. 26) and traverse (Doc. 28) having been filed, the petition is ripe for disposition. For the reasons set forth below, the Court will dismiss the petition for lack of jurisdiction.

## I. **Background**

Reynolds was convicted in July 2007 in the Middle District of Pennsylvania and sentenced to a total of 360 months on five counts: attempting to provide material support to a foreign terrorist organization (18 U.S.C. §2339B); attempting to provide material support to damage an interstate gas pipeline facility by means of force or explosive (18 U.S.C. §§2339A(a) & 2); soliciting others to damage an interstate pipeline facility by means of force or explosive (18 U.S.C. §373); distributing information through the internet on the manufacture and use of an explosive device (18 U.S.C. §842(p)(2)); and possession of a grenade (18 U.S.C. §§5841, 5861(d), & 5871). United States v. Reynolds, Criminal No. 05-CR-493 (M.D. Pa.).

On March 18, 2010, the United States Court of Appeals for the Third Circuit affirmed Reynolds' convictions. United States v. Reynolds, 374 Fed.Appx. 356 (3d Cir. 2010).

Reynolds' original attempt to collaterally attack his conviction under 28 U.S.C. §2255 was dismissed on the merits on August 15, 2012. Reynolds v. United States, Case No. 05-CR-493, 2012 WL 12981962 (M.D. Pa.).

Since the denial of his §2255 motion, Reynolds has been a prolific filer of unauthorized successive §2255 petitions, with at least twelve (12) filed in

- 2 -

this District alone.[1] See Reynolds v. United States, Case No. 18-CV-1093 (M.D. Pa., Doc. 9, June 14, 2018); Reynolds v. United States, Case No. 18-CV-691 (M.D. Pa., Doc. 5, April 4, 2018); see also United States v. Reynolds, Appeal No. 13-4195 (3d Cir. Feb. 12, 2014); Reynolds v. United States, Case No. 18-CV-1093 (M.D. Pa., Doc. 9, June 14, 2018); Reynolds v. United States, Case No. 18-CV-691 (M.D. Pa., Doc. 5, April 4, 2018); see also Reynolds v. Bledsoe, Case No. 08-cv-909 (M.D. Pa.); Reynolds v. Kosik, Case No. 08-cv-293 (M.D. Pa.); Reynolds v. Martinez, Case No. 08-cv-2094 (M.D. Pa.); Reynolds v. United States, Case No. 18-CV-691 (M.D. Pa., Doc. 5, April 4, 2018); Reynolds v. United States, Case No. 18-CV-1093 (M.D. Pa., Doc. 9, June 14, 2018); Reynolds v. Williams, Civil No. 3:21-cv-1867 and on November 15, 2021, Reynolds filed Reynolds v. Williams, Civil No. 3:21-cv-1934.

---

[1] Petitioner is no stranger to other Courts. In Reynolds v. United States, No. 22-cv-3-SMY, 2022 WL 17813330 (S.D. Ill. Dec. 13, 2022), the United States District Court for the Southern District of Illinois noted that Reynolds had filed at least fifteen (15) unsuccessful §2241 habeas petitions in the Southern District of Illinois. See Reynolds v. Williams, Case No. 22-CV-1429-JPG (S.D. Ill. Sep. 30, 2022, Doc. 6) (listing Reynolds' habeas petitions in this District). The District Court found that "these petitions are repetitive and similar in nature, invoking Mathis v. United States, 136 S.Ct. 2243 (2016), Rule 60/Hazel-Atlas, and the significance of his 1978 prior conviction," and that "Reynolds often files new petitions while older ones remain pending". Reynolds, 2022 WL 17813330 at *1.

By Order dated October 10, 2018, the United States Court of Appeals granted Reynolds' application under 28 U.S.C. §§2244 and 2255 to file a second or successive §2255 motion, in light of United States Supreme Court's decisions in Sessions v. Dimaya, 138 S.Ct. 1204 (2018), Welch v. United States, 136 S.Ct. 1257 (2016), and Johnson v. United States, 135 S.Ct. 2551 (2015). In re: Michael Curtis Reynolds, C.A. No. 16-4143. The Third Circuit directed that Reynolds' application be transferred to the Middle District and that the parties should discuss, among other relevant issues, the significance of the Third Circuit's recent decision in United States v. Green, 898 F.3d 315 (3d Cir. 2018). Id.

By Memorandum and Order dated September 26, 2019, the late Honorable A. Richard Caputo, relying on the concurrent sentence doctrine, denied Reynolds' authorized successive §2255 motion finding that his claim for relief was not actionable because his custody status would not change even if the proposed relief was granted. Reynolds v. United States, Case No. 05-CR-493, 2012 WL 12981962 (M.D. Pa.) (Doc. 662, at 4). Specifically, Judge Caputo found that any challenge to Count 4 would not affect Reynolds' custody seeing that defendant was also lawfully sentenced at Counts One, Two, Three, and Six, all counts which were not impacted by the Supreme Court's decisions in Dimaya, Welch, and Johnson. Id.

- 4 -

Additionally, in the same decision, Judge Caputo also denied approximately forty (40) additional motions for relief Reynolds had filed between October of 2018 and September of 2019. Each of these requested similar relief regarding the defendant's actual innocence. Judge Caputo construed each of these motions as second or successive motions under 28 U.S.C. §2255 and dismissed them for being filed without prior authorization. Id.

On November 2, 2020, Reynolds filed, in his criminal case, a one hundred and eighty-nine (189) page motion under 18 U.S.C. §3582(c)(1)(A) requesting a sentence reduction for extraordinary and compelling reasons and his immediate release from the custody of the Bureau of Prisons (BOP).[2] In the motion, Reynolds claims that the staff at FCI-Greenville are not complying with COVID-19 restrictions thereby placing his health and life at risk. Reynolds v. United States, Case No. 05-CR-493, 2012 WL 12981962 (M.D. Pa.) (Doc. 691). By Order dated February 10, 2021, this Court denied

---

[2] The Covid-19 claim for relief constitutes a small percentage of the lengthy motion. While the factors related to the Reynolds' health are mentioned in both the beginning and conclusion of the motion, and there is a brief six-page interlude in Pages 59-65 of the motion about conditions in FCI-Greenville, the remainder of the 182 pages of the motion re-argue the defendant's legal challenges to his trial and sentence, including the issues decided in Reynolds' previous §2255 motions described above.

Reynolds' motion for reduction of sentence under 18 U.S.C. §3582(c)(1)(A). Reynolds v. United States, Case No. 05-CR-493, 2012 WL 12981962 (M.D. Pa.) (Doc. 725).

On November 20, 2020, Reynolds filed Reynolds v. Williams, Case No. 3:20-cv-2178, 2021 WL 4033131 (M.D. Pa., Sept. 3, 2021) in which he raised the identical COVID-19 claims he raised in his 18 U.S.C. §3582(c)(1)(A) motion, as well as raises the same collateral attack on Count 4 of his conviction. Id. By Memorandum and Order dated September 9, 2021, the petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241, was dismissed for lack of jurisdiction and Reynolds' request for compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A) was denied for the reasons set forth in this Court's February 10, 2021 Order. Id.

On April 19, 2021, Reynolds again filed a motion for compassionate release citing many of the same considerations in his earlier motion, including his family medical history, personal medical history, the alleged lack of license of the BOP doctor at FCI-Greenville, and repeating the claim that his conviction and sentence were unconstitutional under Davis and Dimaya. Reynolds v. United States, Case No. 05-CR-493, 2012 WL 12981962 (M.D. Pa.) (Doc. 743).

- 6 -

On April 28, 2021, this Court again denied Reynold's motion for compassionate release. Reynolds subsequently appealed various orders from this Court, including the February 28, 2021, and April 28, 2021, orders denying Reynolds compassionate release, and this Court's March 29, 2021, order denying reconsideration. The Third Circuit, in Case Numbers 21-1438, 21-1742, and 21-1923, affirmed this Court's decisions. In particular, in Case 21-1923, the Third Circuit found that Reynolds multiple supplemental motions concerning the constitutionality of his conviction and sentence "would only be available to him through a second or successive motion under 28 U.S.C. 2255," and that the Third Circuit had "previously denied his requests for authorization to file another 2255 motion to raise the arguments advanced in the supplemental documents filed in this appeal." United States v. Reynolds, No. 21-1923, 2021 WL 4956071 (3d Cir., Oct. 26, 2021 at 6, n.4).

On March 31, 2021, Reynolds also sought a preliminary injunction in the Southern District of Illinois, claiming that the conditions of his incarceration in FCI-Greenville subjected him to imminent risk or harm due to the on-going COVID-19 pandemic. (Doc. 11-6, Docket for Reynolds v. Ahmed, S.D. Ill. No. 3:21-CV-345). In his motion, Reynolds claimed staff members at FCI-Greenville failed to secure his safety and well-being, and,

most prominently, that one of the doctors at FCI-Greenville was not a licensed physician. Id. Reynolds repeats these claims in the instant petitions for writ of habeas corpus. On August 30, 2021, United States District Judge Stephen P. McGlynn, denied Reynolds various motions. Judge McGlynn found that "nothing in the record indicates that Dr. Ahmed knowingly delayed treatment, and that Reynolds experienced prolonged suffering due to Dr. Ahmed's conduct. Id.

On November 2, 2021, Reynolds filed Reynolds v. Williams, Civil No. 3:21-cv-1867 and on November 15, 2021, Reynolds filed Reynolds v. Williams, Civil No. 3:21-cv-1934, both which repeated the previously decided motions concerning the conditions at FCI-Greenville during the on-going COVID-19 pandemic[3] and the constitutionality of his sentence and conviction under Davis, Dimaya, and Johnson. By Order dated April 28, 2022, both cases were consolidated and dismissed without prejudice for lack of jurisdiction. See Reynolds v. Williams, 3:21-cv-1867, 2022 WL 1271142 (M.D. Pa. Apr. 28, 2022).

---

[3] The proper grounds for Reynolds to seek the relief he desires was to appeal District Court Judge McGlynn's dismissal order in the Southern District of Illinois.

- 8 -

On October 26, 2023, Reynolds filed the instant action, in which he alleges the following:

> (1) The BOP had incorrectly deemed him ineligible for First Step Act Time Credits based on a conviction of a crime of violence.
>
> (2) The BOP incorrectly computed his custody classification score based on a conviction of a crime of violence and assigned him to a medium security institution instead of a prison camp.
>
> (3) The United States Probation Office incorrectly listed a prior arrest for arson of the second degree when he was convicted of attempted arson of the fourth degree – which he also claims as the basis for the BOP's assignment of a crime of violence.
>
> (4) Petitioner is entitled to a 17.5% reduction in his sentence in November 2023 and also that he is entitled to elderly offender release.
>
> (5) Counts 1-4 of his conviction are void under the United States Supreme Court decisions in United States v. Taylor, 596 U.S. 845 (2022) and United States v. Tsarnaev, 595 U.S. 302 (2022), and thus his sentence should have ended in 2010.
>
> (6) A physician at a prior institution was unlicensed and practicing illegally and caused him to contract COVID.
>
> (7) Petitioner is entitled to transfer to a facility within 500 miles of his home – namely FCI Danbury.

(Doc. 1). Subsequent to the filing of his petition, Reynolds filed numerous motions in which he reiterates his arguments in support of his claims and requests various forms of relief including emergency hearings and immediate release. (Docs. 3, 16, 19, 22-25, 27, 30-32, 36-38).

## II. Discussion

### A. Lack of Subject Matter Jurisdiction

A habeas petition brought pursuant to §2241 is the proper vehicle for an inmate to challenge "the fact or length of confinement" or the "execution" of the confinement. Preiser v. Rodriguez, 411 U.S. 475, 494 (1973); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241-42 (3d Cir. 2005). In determining whether the Court has jurisdiction over the claims in a §2241 petition, the Court must consider whether granting the petition would "necessarily imply" a change to the fact, duration, or execution of the petitioner's sentence. Mabry v. Warden Allenwood FCI Low, 747 F. App'x 918, 919 (3d Cir. 2019) (quoting McGee v. Martinez, 627 F.3d 933, 936 (3d Cir. 2010)).

As to Reynold's request that that he is entitled to be considered for elderly offender release, (Doc. 1 at 13), the Court lacks jurisdiction over such a challenge because it is unrelated to the execution of his sentence. The decision to transfer an inmate to home confinement is not an entitlement or foregone conclusion if the inmate meets the criteria; the BOP retains the sole discretion to determine which, if any, inmate is transferred to home confinement. See 18 U.S.C. §3621(b) (vesting the BOP with the sole

discretion to designate a prisoner's place of imprisonment); 34 U.S.C. §60541(g)(1)(B) (providing that "the Attorney General may release some or all eligible elderly offenders ... to home detention"). Thus, granting the petition on this claim—that the Court order Petitioner be considered for placement in the Elderly Home Confinement Program—would not necessarily imply a change to the fact, duration, or execution of Reynolds' sentence because the BOP could still decide not to grant him home confinement.

To the extent that Petitioner seeks to raise a claim for elderly home confinement release under the First Step Act, the Court lacks jurisdiction over that claim to the extent that he intended to bring it pursuant to 18 U.S.C. §3582(c)(1)(A). A motion for compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A) must be brought in Reynolds' sentencing court. See 18 U.S.C. §3582(c)(1)(A); United States v. Raia, 954 F.3d 594, 596 (3d Cir. 2020) (noting that a defendant must submit a motion for compassionate pursuant to the First Step Act pursuant to §3582(c)(1)(A) to his or her sentencing court). Reynolds is serving a sentence imposed by the United States District Court for the Middle District of Pennsylvania, and he must bring any such claim in a motion in that court. In fact, Petitioner claims to have separately filed a motion for compassionate release. (Doc. 1). Hence,

it is appropriate to dismiss the petition on these claims for lack of jurisdiction.

## B. **Elderly Home Confinement Program**

To the extent that Reynolds seeks release to home confinement as an elderly prisoner under the First Step Act, Pub. L. No. 115-391, §603, 132 Stat. 5194, 5238 (2018), assuming that the Court has jurisdiction over this claim, Reynolds has failed to establish that he is entitled to release. Under that statute, "the Attorney General may release some or all eligible elderly offenders and eligible terminally ill offenders from Bureau of Prisons facilities to home detention, upon written request from either the Bureau of Prisons or an eligible elderly offender or eligible terminally ill offender." See 34 U.S.C. §60541(g)(1)(B). The statute defines an eligible elderly offender as an offender:

(i) who is not less than 60 years of age;

(ii) who is serving a term of imprisonment that is not life imprisonment based on conviction for an offense or offenses that do not include any crime of violence (as defined in section 16 of Title 18), sex offense (as defined in section 20911(5) of this title), offense described in section 2332b(g)(5)(B) of Title 18, or offense under chapter 37 of Title 18, and has served 2/3 of the term of imprisonment to which the offender was sentenced;

(iii) who has not been convicted in the past of any Federal or State crime of violence, sex offense, or other offense described in clause (ii);

(iv) who has not been determined by the Bureau of Prisons, on

the basis of information the Bureau uses to make custody classifications, and in the sole discretion of the Bureau, to have a history of violence, or of engaging in conduct constituting a sex offense or other offense described in clause (ii);

(v) who has not escaped, or attempted to escape, from a Bureau of Prisons institution;

(vi) with respect to whom the Bureau of Prisons has determined that release to home detention under this section will result in a substantial net reduction of costs to the Federal Government; and

(vii) who has been determined by the Bureau of Prisons to be at no substantial risk of engaging in criminal conduct or of endangering any person or the public if released to home detention.

34 U.S.C. §60541(g)(5)(A).

Thus, pursuant to 34 U.S.C. §60541(g)(5)(A)(ii), to be eligible for release, elderly offenders must be "serving a term of imprisonment ... based on conviction for an offense or offenses that do not include any ... offense described in section 2332b(g)(5)(B) of Title 18." 34 U.S.C. §60541 (g)(5)(A)(ii). Section 2332b(g)(5)(B) of Title 18 lists many crimes, including "[18 U.S.C. §] 2339A (relating to providing material support to terrorists)" and "2339B (relating to providing material support to terrorist organizations to arson and bombing of property used in interstate commerce)." 18 U.S.C. §2332b(g)(5)(B)(i). Reynolds was convicted of an "offense described in section 2332b(g)(5)(B) of Title 18" as that description is used in the elderly

home confinement program, which would preclude him from participation in the program. Specifically, Reynolds was convicted of attempting to provide material support to a foreign terrorist organization, in violation of 18 U.S.C. §2339B) and attempting to provide material support to damage an interstate gas pipeline facility by means of force or explosive, a violation of 18 U.S.C. § 2339A(a) & §2. Thus, it is clear that Reynolds is ineligible for early release.

Moreover, even if Reynolds had demonstrated that he is entitled to relief, the Court would likely lack the authority to order Reynold's release to home detention. The United States Court of Appeals for the Fifth Circuit has held that only the Attorney General and the BOP may place an offender in elderly home detention pursuant to §60541:

> The statute [§60541(g)(1)(B)] does not give authority to the federal courts to place an offender in the Program; that authority is given to the Attorney General. Moreover, the Attorney General is not required to place eligible offenders in the Program, but "may release some or all" of them for participation in the Program. Consequently, we conclude that Congress has vested the executive branch, not the judicial branch, with the power to decide which prisoners may participate in the Program.

Melot v. Bergami, 970 F.3d 596, 599-600 (5th Cir. 2020); see also 18 U.S.C. §3621(b) (vesting the BOP with the sole discretion to designate a prisoner's place of imprisonment, which "is not reviewable by any court").

- 14 -

## C. **FSA Claim**

Petitioner claims that the BOP is improperly deeming him ineligible for applying earned time credits under the First Step Act, arguing that he "has no 'crimes of violence' and cannot be then barred First Step Act credits, nor early release for that reason." (Doc. 1). Specifically, he states that because his crimes are "unconstitutional and void" based on the Supreme Court's decisions in "Johnson, Dimaya, and Davis", failure to provide him credits are against the law. Id. Respondent asserts that Reynolds is statutorily ineligible for application of FSA time credits because he has been convicted of, and is serving a sentence for, a disqualifying offense listed in 18 U.S.C. §3632(d)(4)(D). (Doc. 26). The Court agrees.

Initially, the Court notes that Reynolds is attempting to relitigate issues that have been since decided. See Reynolds v. Werlich, No. 19-CV-1223-SMY, 2020 WL 3316071, at *3 (S.D. Ill. June 18, 2020), reconsideration denied, No. 19-CV-1223-SMY, 2020 WL 3639900 (S.D. Ill. July 6, 2020) ("[Reynolds] raised the same argument in that action that he raises herein – in light of Dimaya and other Supreme Court cases, his conviction under 18 U.S.C. §842(p)(2) is invalid because the statute incorporates 18 U.S.C. §16(b) which was declared unconstitutionally vague. (Doc. 565, criminal case). The motion was denied on Sept. 26, 2019"). Thus, other courts have

held that his crimes are not void and unconstitutional.

"As required by the FSA, an inmate cannot earn FSA Time Credits if that inmate is serving a sentence for a disqualifying offense or has a disqualifying prior conviction." 28 CFR part 523 and part 541. A list of disqualifying offenses is listed in 18 U.S.C. §3632(d)(4)(D). Reynolds' offense under 18 U.S.C. 2339B, providing material support or resources to designated foreign terrorist organizations, qualifies as a disqualifying offense under 18 U.S.C. §3632(d)(4)(D)(xlvii) or "any section of chapter 113B, relating to terrorism." See Reynolds v. Williams, No. 22-cv-0139-JPG, 2022 WL 970587, at *5 (S.D. Ill. March 31, 2022) (determining that Reynolds is incarcerated pursuant to a disqualifying offense, rendering him ineligible to receive FSA Time Credits). Consequently, Reynolds is ineligible to receive FSA Time Credits and this Court will not substitute its judgment for that of Congress.

### D. **Custody Classification**

Reynolds claims that the BOP incorrectly computed his custody classification score based on a conviction of a crime of violence and assigned him to a medium security institution instead of a prison camp. (Doc. 1). Respondent argues that Petitioner's custody classification claim is not

cognizable by the district court under 28 U.S.C. §2241. (Doc. 26 at 8-12). The Court agrees.

Reynolds challenge to his custody classification is not cognizable in a §2241 petition because he does not challenge the fact or duration of his imprisonment, which is the "essence of habeas corpus." See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Here, Petitioner is challenging something other than the fact or length of his confinement. As such, this claim is not within the core or traditional scope of habeas corpus.

In addition, Reynolds is not challenging the execution of his sentence within the exception provided for in Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). In Woodall, the Court held that a prisoner could bring a §2241 petition challenging a BOP regulation that limited placement in a Community Corrections Center because the BOP was not "carrying out" Woodall's sentence as directed. Specifically, Woodall's claims "cross[ed] the line beyond a challenge to, for example, a garden variety prison transfer." Id. at 243. "[T]o challenge the execution of his sentence under §2241, [an inmate] would need to allege that BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment." Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir.

2012). Here, Petitioner does not allege that his custody classification conflicts with his sentence.

It is well established that the United States Constitution does not confer any right upon an inmate to any particular custody or security classification. Moody v. Daggett, 429 U.S. 78, 88 (1976); Montanye v. Haymes, 427 U.S. 236, 242 (1976). Thus, inmates do not have a liberty interest in retaining or receiving any particular security or custody status "[a]s long as the [challenged] conditions or degree of confinement is within the sentence imposed ... and is not otherwise violative of the Constitution." Id.; see Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 225 (1976); Landor v. Wilson, No. 1:12-CV-1329, 2012 WL 5398610, at *3 (M.D. Pa. Oct. 10, 2012), report and recommendation adopted, No. 1:12-CV-1329, 2012 WL 5389747 (M.D. Pa. Nov. 5, 2012).

Moreover, Reynolds' claims that a physician at a prior institution was unlicensed and practicing illegally and caused him to contract COVID and that he is entitled to transfer to a facility within 500 miles of his home – namely FCI-Danbury, are also not cognizable habeas claims, as they do not pertain to the fact or duration of his confinement. Preiser, 411 U.S. at 484); Leamer v. Fauver, 288 F.3d at 540. Also, it is well-settled that the United States Constitution does not guarantee that an inmate will "be placed in any

particular prison." Meachum v. Fano, 427 U.S. 215, 224 (1976). The "courts recognize that a state's authority to place inmates anywhere within the prison system is among a wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts." Chavarriaga v. New Jersey Dep't of Corr., 806 F.3d 210, 225 (3d Cir. 2015).

### E. **Challenges to Petitioner's conviction and sentence**

Reynolds challenges his conviction, claiming that counts 1-4 are void under the United States Supreme Court decisions in United States v. Taylor, 596 U.S. 845 (2022) and United States v. Tsarnaev, 595 U.S. 302 (2022), and thus his sentence should have ended in 2010. (Doc. 1).

Federal prisoners seeking post-conviction relief from their judgment of a conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. §2255 in the sentencing court, which is "already familiar with the facts of the case." See Boumediene v. Bush, 553 U.S. 723, 774-75 (2008); 28 U.S.C. §2255(e).

While various Courts of Appeals had previously held that, under certain very limited circumstances, a prisoner could resort instead to a §2241 petition, the United States Supreme Court recently overruled these decisions, holding that a prisoner may not resort to challenging his conviction

through a §2241 petition unless "unusual circumstances make it [essentially] impossible ... to seek relief in the sentencing court" such as where the sentencing court no longer exists. See Jones v. Hendrix, 599 U.S. 465 (2023). As a result, so long as it is not essentially impossible to pursue a §2255 motion at all, federal law permits "only two [ ] conditions in which" a petitioner who has previously had a §2255 motion denied to file another collateral attack on his conviction or sentence – those laid out in §2255(h) for the authorization of a second or successive motion by the applicable court of appeals, Id. at *7. A petitioner who has already filed a §2255 motion and been denied relief through such a motion who cannot meet these gatekeeping requirements may not resort to a habeas petition brought pursuant to 28 U.S.C. §2241 to challenge his conviction or sentence. Id.

Because Reynolds meets neither of the gatekeeping requirements for the authorization of a second or successive §2255 motion, he may not resort to his current habeas petition to raise his claims. Id. Therefore, this Court must dismiss Reynolds' habeas petition for lack of jurisdiction. To the extent Reynolds wishes to continue to challenge his conviction and sentence, he may do so only through seeking and being granted leave to file a second or successive motion to vacate sentence by the Court of Appeals for the Third Circuit. Id.

- 20 -

### III. Conclusion

For the foregoing reasons, Reynolds' petitions for a writ of habeas corpus pursuant to 28 U.S.C. §2241, will be dismissed for lack of jurisdiction.

An appropriate Order follows.


s/ Malachy E. Mannion
**MALACHY E. MANNION**
**United States District Judge**

**Dated: April 29, 2024**
23-1821-01

- 21 -